JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. The threshold and dispositive question in this case is whether the doctrine of res judicata bars the District Court from determining that the parties’ property settlement agreement was unconscionable. Because that question must be answered in the affirmative, I would reverse the District Court.
The marriage of Steve and Kathy Blair was dissolved via findings of fact, conclusions of law and decree of dissolution entered by the District Court on April 28, 1993. The court expressly concluded that Steve and Kathy’s Marital Settlement Agreement was not unconscionable and incorporated that Agreement into the decree of dissolution. One of the provisions of the Agreement was that Kathy would receive a share of Steve’s future net disposable military retirement pay, calculated as set forth therein.
Approximately seventeen months after the decree of dissolution, the District Court concluded, in essence, that the Agreement was unconscionable. Notwithstanding its determination that Steve’s military separation benefits were not “military retirement pay” covered by the Agreement, it reopened the decree to change the terms of the Agreement in order to provide Kathy with a share of Steve’s military separation benefits. I conclude that, because of its earlier conscionability conclusion, the doctrine of res judicata barred the court from making an unconscionability determination.
The criteria necessary to establish res judicata are well-established in Montana:
1. The parties or their privies must be the same;
2. The subject matter of the action must be the same;
*207 3. The issues must be the same and relate to the same subject matter; and
4. The capacities of the persons must be the same in reference to the subject matter and issues before them. Hopper v. Hopper (1979), 183 Mont. 543, 557, 601 P.2d 29, 36 (citation omitted).
Here, Kathy does not respond to the res judicata issue and, thereby, does not directly controvert it. Nor, on the basis of the record before us, could she present a persuasive argument that the criteria necessary for the application of the doctrine of res judicata are not met here. There is no question but that the parties to the action are the same and that the subject matter — the conscionability, or lack thereof, of the Agreement — is the same. Likewise, the issues are the same, as are the capacities of Steve and Kathy in relation to the subject matter and the issues.
Hopper addressed the precise issue now before us: whether or not the district court had jurisdiction to determine the conscionability of the property settlement agreement which it had earlier, in the decree of dissolution, found to be not unconscionable. We affirmed the district court’s conclusion that a subsequent conscionability determination was prevented by the doctrine of res judicata. Hopper, 601 P.2d at 36. The same result is compelled here.
In its determination to reach the result it seeks in this case, the Court mischaracterizes the nature of Kathy’s motion in the District Court in order to recharacterize the District Court’s statement that it had “reopened the Decree based on unconscionability.” This Court’s statement that the motion was one to clarify the terms of the agreement and, thereafter, merely to enforce it, is nonsense. Kathy’s motion was a Motion for Order Modifying the Decree as to Retirement Benefits and it is this motion that the District Court granted, based on its unconscionability determination. The Court attempts to buttress its recharacterization of this case by concluding that the District Court “was correct in treating the SSB program as early retirement under its original Decree.” The problem with this Court’s “conclusion” is that the District Court did not treat the SSB program as early retirement under its original decree; had it done so, it would not have been necessary to “reopen the Decree.”
The salient facts are these: The parties’ Agreement entitled Kathy to a share of Steve’s military retirement pay. No alternative provision was made to deal with Steve’s separation from the military prior to retiring, even though Kathy testified that she understood during settlement negotiations that Steve might leave the military prior to *208 completing the full term of military service necessary to be eligible for retirement. The Agreement expressly stated that its purpose was “to provide for the equitable and fair division of the property of the parties,” and that it constituted full and final settlement based upon full disclosure of property and income. The Agreement, by its terms, “shall not be modifiable.” This was the Agreement the District Court determined to be not unconscionable when it incorporated the Agreement into the decree of dissolution.
I would reverse the District Court’s determination that unconscionability permitted it to reopen the decree and modify the terms of the Agreement to give Kathy a share of Steve’s military separation benefits. The unconscionability determination is barred by the doctrine of res judicata, as is clear from Hopper and from the Commissioners’ Note to § 40-4-201, MCA, which states that “the court’s determination, in the decree, that the terms [of the agreement] are not unconscionable, under the ordinary rules of res adjudicata, will prevent a later successful claim of unconscionability.” In remaking this case to reach a particular result, this Court undermines the purpose, importance and legislatively-intended finality of property settlement agreements voluntarily entered into by the parties, found conscionable by the court and incorporated in the decree; the Court also creates both unnecessary and incorrect inconsistency in its own cases. I cannot agree. I dissent.
JUSTICE NELSON and JUSTICE TRIEWEILER join in the foregoing dissent of JUSTICE GRAY.